### JOSEPH SHEPHERD *vs.* ALBERT F. PIPER.

### Knox.    Opinion December 26, 1903.

*Libel and Slander.*    Words actionable and non-actionable. — Commission of no offense charged.   Double Voting.   Demurrer sustained.

Slanderous words which impute the commission of some crime by the plaintiff involving moral turpitude, or which would subject the offender to an infamous punishment, are actionable per se; and this is true whether such crime is one at common law or has been made so by statute.

Double voting upon a question merely calling for an expression of opinion, and where those voting have no power to determine the question voted upon, is not an offense either at common law or by statute.

In the declaration in an action of slander, the cause of action set out was language charging the plaintiff with being guilty of counseling and procuring another to cast more than one ballot, and thereby being accessory thereto, at a meeting of the inhabitants of a town, duly called and held, upon the question of the passage of a resolution declaring that the use of soft coal in the lime kilns in that town constituted a nuisance and should be abated. The declaration contained no averment of special damage. *Held;* that the declaration was demurrable, as the language declared upon did not impute the commission of any crime either at common law or by statute.

Exceptions by plaintiff.    Overruled.

Case for slander.    The defendant filed a general demurrer to the declaration, which having been sustained, the plaintiff took exceptions.

The material part of the declaration is as follows:—

"That ballot box was stuffed (meaning that many votes had been placed by one party in the ballot box by the solicitation and procure-

ment of the plaintiff at the time of taking the vote hereinafter referred to) and a good reliable man from out of town told me that he saw a man throw a handful of 'no' votes (meaning votes opposed to a motion made by one C. Fred Knight hereinafter referred to and advocated by the defendant) into the ballot box; and he heard Joe Shepherd (meaning the plaintiff) tell him to put them in and he would back him up." (Meaning that the plaintiff requested said man to put in illegal votes on said motion and to vote numerous times thereon and he (the plaintiff) would protect him from the punishment and penalties provided by law for illegal voting.)

*A. S. Littlefield,* for plaintiff.

Counsel cited: *Coburn* v. *Harwood,* Minor, (Ala.) 93, (S. C. 12 Am. Dec. 37, and cases cited in note); *Com.* v. *Silsbee,* 9 Mass. 417; *State* v. *Philbrick,* 84 Maine, 562; McCrary on Elections, § 550; *Com.* v. *Howe,* 144 Mass. 144.

*D. N. Mortland,* for defendant.

Counsel cited: *Carter* v. *Andrews,* 16 Pick. 1; *Emery* v. *Prescott,* 54 Maine, 389; *Small* v. *Clewley,* 60 Maine, 262; *Bloss* v. *Tobey,* 2 Pick. 329; *Patterson* v. *Wilkinson,* 55 Maine, 42.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J. The defendant filed a general demurrer to the plaintiff's declaration in an action of slander; the demurrer was sustained and the case comes here upon the plaintiff's exception to this ruling.

As the declaration contains no averment of special damage and as the words were not spoken of the plaintiff with reference to his trade, profession or calling, the question is whether the words alleged to have been used of and concerning the plaintiff were actionable per se. They are if they impute the commission of some crime involving moral turpitude or which would subject the offender to an infamous punishment, and this is equally true whether the crime imputed by the words used is one at common law or has been made so by statute.

The slander relied upon and set out in the declaration is language charging the plaintiff with being guilty of counseling and procuring

another to cast more than one ballot, and thereby being accessory thereto, at a meeting of the legally qualified voters of the town of Rockport, duly called and held at the time and place named upon the question of the passage of this resolution: "That the smoke and gas from the kilns where soft coal is used for fuel has become such a nuisance to Rockport village and should be abated."

It is not claimed that this charges the commission of a statutory offense; does it one at common law? Illegal voting at the election of a town or school district officer has been decided by this court to be an offense at common law. *State* v. *Philbrick*, 84 Maine, 562; citing *Commonwealth* v. *Silsbee*, 9 Mass. 417. And we may go further and assume, for the purpose of this case, that it is equally an offense at common law for a person to wilfully cast more than one vote at the same balloting upon any question that is submitted by authority of law to the determination by ballot of the qualified voters of a town or any other political division.

But that is by no means this case. The question as to whether or not the use of soft coal in lime kilns constituted a nuisance, was not one submitted by authority of law to the determination of the qualified voters of Rockport. The result of the ballot upon this resolution decided nothing. The voters of that town had no authority whatever to determine that question. They did have the right, guaranteed by the State Constitution, to assemble at all times for consultation and expression of opinion upon all questions concerning the public good. This must have been the sole purpose of this meeting, and the resolution voted upon was simply submitted for the purpose of obtaining an expression of opinion upon this subject matter.

Double voting upon a question merely calling for an expression of opinion, and where those voting have no power to determine the question voted upon, has never been considered an offense at common law in any authorities called to our attention, or that we are aware of. It cannot be an offense against the law to cast more than one ballot upon a question as to which the law does not recognize the right of any one to vote at all. The demurrer was rightfully sustained.

*Exceptions overruled.*